UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HAMZA MANKOR,

             Plaintiff,

   vs.

THE CITY OF NEW YORK, SERGEANT REUBEN
ANTWI, SERGEANT TYLER G. MORALES,
POLICE OFFICER STEVEN ABREU, and NYPD
MEMBER JOHN DOE 1,

             Defendants.

**COMPLAINT**

**Case No.**

Plaintiff HAMZA MANKOR, by and through his attorneys, Cohen&Green P.L.L.C., the

Aboushi Law Firm, P.L.L.C., and Gideon Orion Oliver, hereby complains of Defendants as

follows:

## **INTRODUCTION**

1. Plaintiff Hamza Mankor (Mr. Mankor; he/him) is a 25-year-old dual degree

J.D./P.H.D. student at NYU.

2. He is a bright and passionate student who cares deeply about his family and

friends and protesting against injustice.

3. On May 7, 2025, while participating in a peaceful protest in Manhattan, New

York, several members of the NYPD violently assaulted and falsely arrested Mr. Mankor.

4. Mr. Mankor brings this suit seeking redress for Defendants' misconduct.

## **JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant

to 28 U.S.C. §§ 1331 and 1343(a)(3) and (4) and over Plaintiff's state and city law claims

pursuant to 28 U.S.C. §1367(a).

6.     The federal civil rights claims in this action are brought pursuant to 42 U.S.C. § 1983 for violations of the First, Fourth, and Fourteenth Amendments to the United States Constitution.

7.     An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

8.     Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) as Defendant City resides in this district and a substantial part of the events and/or omissions described herein occurred in this district.

### GENERAL MUNICIPAL LAW COMPLIANCE

9.     Plaintiff served a timely Notice of Claim on the municipal Defendant.

10.     Plaintiff complied with all conditions precedent to commencing an action under state law.

11.     At least thirty days have elapsed since the service of Plaintiff's Notice of Claim, and adjustment and sufficient payment thereof has been neglected or refused.

12.     Plaintiff has initiated this action within one year and ninety days of accrual of Plaintiff's claims pursuant to New York state law.

### PARTIES

13.     Plaintiff Hamza Mankor is a 25-year-old resident of Manhattan, New York.

14.     Defendant THE CITY OF NEW YORK ("City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

15.     Defendant City maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of

a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the City.

16. Defendant SERGEANT REUBEN ANTWI (Badge No. 155, NYPD Tax Registration No. 948300) was, at all times relevant herein, a member of the NYPD and was assigned to the police response to the protest described herein.

17. Defendant SERGEANT TYLER G. MORALES (Badge No. 3445, NYPD Tax Registration No. 963169) was, at all times relevant herein, a member of the NYPD and was assigned to the police response on the street at the protest described herein.

18. Defendant POLICE OFFICER STEVEN ABREU (Badge No. 28090, NYPD Tax Registration No. 964858) was, at all times relevant herein, a member of the NYPD and was assigned to the police response on the street at the protest described herein.

19. Defendant NYPD MEMBER JOHN DOE 1 was, at all times relevant herein, a member of the NYPD and was assigned to the police response on the street at the protest described herein. Defendant Doe 1 is a member of the NYPD whose true name is currently unknown to Plaintiff. Upon information and belief, Defendant Doe 1's true identity is known by Defendant City.

20. At all times hereinafter mentioned, the Individual Defendants were employed by the City of New York as members of the NYPD.

21. At all times hereinafter mentioned, Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

22. Each and all of the acts and omissions of Defendants alleged herein occurred while said Defendants were acting within the scope of their employment by Defendant City.

23.    All Individual Defendants were duly appointed and acting officers, servants, employee, and agents of Defendant City who were acting for, and on behalf of, and with the power and authority vested in them by their employer(s) and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

24.    The Defendants were each and all responsible, in whole and/or in part, for the planning for and/or creation, promulgation, implementation, and/or enforcement of the unconstitutional policies, practices and/or customs complained of herein, and/or condoned, acquiesced in, adopted, and/or approved of the same, through their acts and/or failures to act, as set forth more fully below.

25.    At all times relevant herein, as set forth more fully below, Defendants' actions and/or failures to act were malicious, intentional, knowing, and/or with a deliberate indifference to or a reckless regard for the natural and probable consequences of their acts and/or omissions.

26.    Although they were aware of the conduct, present for it, and knew or should have known it was unconstitutional, at no point did any of the Defendants, or any other member of the NYPD, take any steps to intervene in, prevent, or otherwise limit the unconstitutional conduct engaged in by their fellow officers.

27.    Each Individual Defendant is sued in their individual and official capacities.

<u>**STATEMENT OF FACTS**</u>

28.    On May 7, 2025, at approximately 8:00 p.m., Plaintiff Hamza Mankor was present at or around 114th street and Broadway, outside of Colombia University's West Gate for a demonstration calling for the university's financial divestment from Israeli companies.

29.    There was a significant NYPD presence at the protest.

4

30. Among the crowd were several members of the NYPD, including Defendant Sergeant Reuben Antwi, and Defendant Sergeant Tyler G. Morales.

31. A metal barricade separated the protesters from several dozen NYPD members.

32. Mr. Mankor was standing at the front of the group of protesters, chanting "NYPD, KKK, IOF, you're all the same."

33. Mr. Mankor was separated from the NYPD members by the metal barricade.

34. Defendant Sergeant Antwi leaned over the barricade

35. Upon information and belief, he did so to listen closely to what Mr. Mankor was saying.

36. Mr. Mankor was not touching the barricade or any NYPD members.

37. No NYPD member issued any command to Mr. Mankor to move, disperse, or otherwise.

38. Defendant Antwi then lunged over the barricade and punched Mr. Mankor in the face, near Mr. Mankor's eye, with a closed fist.

39. Defendant Antwi did so because of Mr. Mankor's speech.

40. Defendant Antwi then pushed the barricade aside and entered the group of protesters, followed by at least three other members of the NYPD, including Defendant Sergeant Morales.

41. Multiple NYPD members, possibly including Defendant Antwi, Defendant Morales, and/or Defendant Abreu, seized Mr. Mankor from behind, causing Mr. Mankor to fall and hit his head on the pavement.

42. NYPD Member Doe 1 — who was possibly the same person as Defendant Antwi, Defendant Morales, or Defendant Abreu — seized Mr. Mankor from behind, grabbed Mr.

Mankor by the back of his head, and slammed his head against the pavement.

43. That same NYPD officer pushed Mr. Mankor's head and neck into the pavement, using enough force to leave red marks along Mr. Mankor's neck.

44. Another NYPD officer kneeled on Mr. Mankor's pelvis.

45. The NYPD members handcuffed Mr. Mankor with extreme tightness.

46. The officers lifted Mr. Mankor and dragged him towards an NYPD transport bus.

47. The officers held Mr. Mankor's arms at an unnatural and painful angle.

48. It was so painful that Mr. Mankor was scared that his arms would break.

49. Mr. Mankor expressed this fear to NYPD members dragging him, who simply responded "so MOVE."

50. At least two of the NYPD members taking Mr. Mankor to the transport bus were Defendants Morales and Abreu.

51. Mr. Mankor's shoe came off as he was dragged.

52. When Mr. Mankor turned his head to look for it, Defendant Antwi placed him in a headlock, continuing to drag him.

53. Mr. Mankor asked Defendant Antwi to loosen the metal handcuffs.

54. The handcuffs were causing searing pain to his wrists

55. Defendant Antwi did not respond and the cuffs were not loosened.

56. NYPD members removed Mr. Mankor's ID and phone from his pockets.

57. Mr. Mankor's phone was cracked from where he had been thrown to the ground.

58. Mr. Mankor was loaded onto an NYPD transport bus with approximately thirty-five Strategic Response Group ("SRG") officers.

59. While on the bus, SRG officers made intimidating and derogatory comments

toward Mr. Mankor, such as "we got one," and "we're going to have fun [with you] tonight."

60. Those comments caused fear in Mr. Mankor.

61. Also while on the bus, Mr. Mankor asked an NYPD member to remove a loose screw by his bare feet.

62. That NYPD member responded "okay, princess."

63. NYPD brought Mr. Mankor to One Police Plaza, where some SRG officers disembarked, and then to a precinct near 125th street and Amsterdam Avenue.

64. NYPD photographed Mr. Mankor while making jokes about him.

65. In reference to Mr. Mankor's injury, Defendant Antwi told Mr. Mankor that he "should have protested peacefully."

66. NYPD photographed some of Mr. Mankor's injuries.

67. When Mr. Mankor pointed to where his lip had been badly torn by his teeth after being tackled to the ground, officers refused to photograph it, saying "I'm not touching that."

68. Defendant Antwi and three other officers, John Does 1-3, then drove Mr. Mankor, still without shoes, back to One Police Plaza.

69. Defendant Antwi, Defendant Morales, and other NYPD members made jokes about Defendant Antwi being "Twitter famous," in reference to videos of Mr. Mankor's assault circulating online.

70. Mr. Mankor faced abuse in the comment sections of these videos.

71. At One Police Plaza, Mr. Mankor was photographed again, during which process multiple NYPD officers tried to get into the photo.

72. Mr. Mankor was finally released from custody just before midnight with a summons signed by Defendant Antwi, charging Mr. Mankor with "violent and threatening

behavior" and quoting Mr. Mankor as saying "NYPD KKK."

73.    Defendant Antwi's description of saying "NYPD KKK" as a crime is a flagrant First Amendment violation.

74.    Defendant Antwi's choice to write that as a crime reflects the same motivation behind his punching Mr. Mankor.

75.    Defendant Antwi's actions were motivated by Mr. Mankor's protected speech.

76.    Mr. Mankor's charges were dismissed as legally insufficient on May 23, 2025.

77.    As described above, in addition to the physical and emotional injuries Mr. Mankor sustained, he also sustained injuries to his constitutional, common law, and statutory rights.

78.    As a direct and proximate cause of Defendants' conduct, Plaintiff suffered physical and emotional injuries, including, but not limited to, pain, bruising, and injury to Mr. Mankor's body, hands, wrist, neck, head, and face, and mental and emotional damages.

## FIRST CLAIM FOR RELIEF

### New York City Administrative Code §§8-801, *et seq.*, Claims Against Defendant City and the NYPD Defendants

79.    Mr. Mankor incorporates by reference all the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

80.    New York City Administrative Code §8-803(a) through (c) provides as follows, in relevant part:

   a.   "A covered individual who, under color of any law, ordinance, rule, regulation, custom or usage, subjects or causes to be subjected, including through failure to intervene, any other natural person to the deprivation of any right that is created, granted or protected by section 8-802 is liable to the person aggrieved for legal or equitable relief or any other appropriate

8

relief."

b. "The employer of a covered individual who, under color of any law, ordinance, rule, regulation, custom or usage, subjects or causes to be subjected, including through failure to intervene, any other natural person to the deprivation of any right that is created, granted or protected by section 8-802 is liable, based upon the conduct of such covered individual, to the person aggrieved for legal or equitable relief or any other appropriate relief."

c. "A person aggrieved may make a claim pursuant to subdivision a of this section in a civil action in any court of competent jurisdiction by filing a complaint setting forth facts pertaining to the deprivation of any right created, granted or protected by section 8-802 and requesting such relief as such person aggrieved considers necessary to insure the full enjoyment of such right."

81.    Given that a "covered individual" under §8-801 means "(i) an employee of the police department or (ii) a person who is appointed by the police commissioner as a special patrolman," each Individual NYPD Member is considered a covered individual. §8-801.

82.    Plaintiff is a "person[s] aggrieved" because he was (at minimum) "allegedly subjected to, or allegedly caused to be subjected to, the deprivation of a right created, granted, or protected by §8-802 by a covered individual even if the only injury allegedly suffered by such natural person is the deprivation of such right." *Id.*

83.    Defendant City is liable as an employer, as set out above.

84.    Defendants' use of force against Plaintiff was unjustified, unlawful, and objectively unreasonable, considering the facts and circumstances before Defendants.

85.    As a result of Defendants' acts and omissions, Defendants deprived Plaintiff of his federal, state, and/or other legal rights; caused Plaintiff bodily injury, pain, suffering, psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damaged and injured Plaintiff.

9

86.    Further, it is not a defense to liability under §§8-801 *et seq*. that a covered individual has qualified immunity or any other substantially equivalent immunity.

87.    Thus, the Court should award both compensatory and punitive damages against all parties (including the City), and all reasonable fees and court expenses pursuant to §8-805 of the Administrative Code.

## SECOND CLAIM FOR RELIEF

**Violations of New York State Common Law**
**False Arrest, False Imprisonment, and Unreasonable Detention**
**Against All Defendants**

88.    Plaintiff incorporates by reference all the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

89.    The conduct of officials alleged herein occurred while they were on duty and/or in and during the course and scope of their duties and functions as security, police, and/or law enforcement officials, while they were acting as agents and employees of Defendant City, cloaked with and/or invoking state power and/or authority, and, as a result, Defendant City is liable to Plaintiff pursuant to the state common law doctrine of *respondeat superior*.

90.    In performing the actions and behaviors described above, Defendants did falsely detain Plaintiff within the meaning of New York common law without reasonable or probable cause, illegally and without a written warrant, and without any right or authority to do so.

91.    Plaintiff additionally was conscious of the confinement.

92.    Plaintiff did not consent to the confinement.

93.    As a result of Defendants' acts and omissions, Defendants deprived Plaintiff of his federal, state, and/or other legal rights; caused Plaintiff bodily injury, pain, suffering,

10

psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damaged and injured Plaintiff.

94.　　The unlawful conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

## THIRD CLAIM FOR RELIEF

**Violations of New York State Common Law**
**Assault**
**Against All Defendants**

95.　　Plaintiff incorporates by reference all the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

96.　　The conduct of officials alleged herein occurred while they were on duty and/or in and during the course and scope of their duties and functions as security, police, and/or law enforcement officials, while they were acting as agents and employees of Defendant City, cloaked with and/or invoking state power and/or authority, and, as a result, Defendant City is liable to Plaintiff pursuant to the state common law doctrine of *respondeat superior*.

97.　　Defendants placed Plaintiff in fear of imminent harmful or offensive contact.

98.　　As a result of Defendants' acts and omissions, Defendants deprived Plaintiff of his federal, state, and/or other legal rights; caused Plaintiff bodily injury, pain, suffering, psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damaged and injured Plaintiff.

99.　　The unlawful conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

## FOURTH CLAIM FOR RELIEF

**Violations of New York State Common Law**

11

**Battery**
**Against All Defendants**

100.    Plaintiff incorporates by reference all the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

101.    The conduct of officials alleged herein occurred while they were on duty and/or in and during the course and scope of their duties and functions as security, police, and/or law enforcement officials, while they were acting as agents and employees of Defendant City, cloaked with and/or invoking state power and/or authority, and, as a result, Defendant City is liable to Plaintiff pursuant to the state common law doctrine of *respondeat superior*.

102.    Defendants intentionally subjected Plaintiff to physical contact without his consent.

103.    As a result of Defendants' acts and omissions, Defendants deprived Plaintiff of his federal, state, and/or other legal rights; caused Plaintiff bodily injury, pain, suffering, psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damaged and injured Plaintiff.

104.    The unlawful conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

## FIFTH CLAIM FOR RELIEF

**Violations of New York State Common Law**
**Intentional and Negligent Infliction of Emotional Distress**
**Against All Defendants**

105.    Plaintiff incorporates by reference all the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

106.    The conduct of officials alleged herein occurred while they were on duty and/or in and during the course and scope of their duties and functions as security, police, and/or law

12

enforcement officials, while they were acting as agents and employees of Defendant City, cloaked with and/or invoking state power and/or authority, and, as a result, Defendant City is liable to Plaintiff pursuant to the state common law doctrine of *respondeat superior*.

107.    In performing the actions and behaviors described above, Defendants engaged in extreme and outrageous conduct, which intentionally and/or negligently caused severe emotional distress to Plaintiff.

108.    The acts and conduct of Defendants were the direct and proximate cause of injury and damage to Plaintiff and violated Plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

109.    As a result of Defendants' acts and omissions, Defendants deprived Plaintiff of his federal, state, and/or other legal rights; caused Plaintiff bodily injury, pain, suffering, psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damaged and injured Plaintiff.

110.    The unlawful conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

## SIXTH CLAIM FOR RELIEF

### Violations of the New York State Constitution
### Against All Defendants

111.    Plaintiff incorporates by reference all the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

112.    The conduct of officials alleged herein occurred while they were on duty and/or in and during the course and scope of their duties and functions as security, police, and/or law enforcement officials, while they were acting as agents and employees of Defendant City,

13

cloaked with and/or invoking state power and/or authority, and, as a result, Defendant City is liable to Plaintiff pursuant to the state common law doctrine of *respondeat superior*.

113.    Defendants, acting under color of law, violated Plaintiff's rights pursuant to Article I, §§ 3, 6, 8, 9, 11, and/or 12 of the New York State Constitution.

114.    A damages remedy here is necessary to effectuate the purposes of Article I, §§ 3, 6, 8, 9, 11, and/or 12 of the New York State Constitution, and appropriate to ensure full realizations of Plaintiff's rights under those sections.

115.    As a result of Defendants' acts and omissions, Defendants deprived Plaintiff of his federal, state, and/or other legal rights; caused Plaintiff bodily injury, pain, suffering, psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damaged and injured Plaintiff.

116.    The unlawful conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

## SEVENTH CLAIM FOR RELIEF

**Unlawful Seizure / False Arrest**
**Pursuant to 42 U.S.C. § 1983 for City Defendants' Violations of Plaintiff's Rights Under the Fourth and Fourteenth Amendments to the United States Constitution**
**Against All Defendants**

117.    Plaintiff incorporates by reference all the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

118.    Defendants seized and arrested Plaintiff without any judicial warrant.

119.    Plaintiff was conscious of his confinement and did not consent.

120.    As a result of Defendants' acts and omissions, Defendants deprived Plaintiff of his federal, state, and/or other legal rights; caused Plaintiff bodily injury, pain, suffering,

14

psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damaged and injured Plaintiff.

121.    The unlawful conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

## EIGHTH CLAIM FOR RELIEF

**Excessive Force**
**Pursuant to 42 U.S.C. § 1983 for Defendants' Violations of Plaintiff's Rights Under the Fourth and Fourteenth Amendments to the United States Constitution Against All Defendants**

122.    Plaintiff incorporates by reference all the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

123.    Defendants' use of force against Plaintiff were unjustified and objectively unreasonable, taking into consideration the facts and circumstances that confronted them.

124.    As a result of Defendants' acts and omissions, Defendants deprived Plaintiff of his federal, state, and/or other legal rights; caused Plaintiff bodily injury, pain, suffering, psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damaged and injured Plaintiff.

125.    The unlawful conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

## NINTH CLAIM FOR RELIEF

**First Amendment**
**Pursuant to 42 U.S.C §1983 for Defendants' Violations of Plaintiff's Rights Under the First and Fourteenth Amendments to the United States Constitution Against All Defendants**

126.    Plaintiff incorporates by reference all the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

127.    Defendants imposed restrictions on Plaintiff's protected speech and/or conduct that violated Plaintiff's First Amendment rights.

128.    Defendants' retaliatory restrictions Plaintiff complain of herein imposed upon Plaintiff's First Amendment rights to participate in, observe, and/or stand nearby speech, conduct, association, and/or other expressive activities protected by the First Amendment in public were themselves regulations on Plaintiff's protected conduct that:

a.    Were viewpoint discriminatory and/or otherwise not content-neutral, and were not necessary, and precisely tailored, to serve compelling governmental interests, and/or were not the least restrictive means readily available to serve those interests; or,

b.    Were content-neutral but nonetheless lacked sufficiently narrow tailoring to serve a significant governmental interest in that the restrictions substantially burdened more protected speech and/or conduct than was necessary to serve those interests, and/or failed to adequately provide alternatives for Plaintiff's protected expression, including in that Plaintiff's abilities to communicate effectively were threatened or limited; and/or

c.    Afforded Defendants unbridled or otherwise inappropriately limited discretion to limit or deny Plaintiff's ability to engage in protected conduct (also raising constitutionally significant Due Process-based vagueness and/or overbreadth concerns); and/or

d.    Amounted to the imposition of strict liability on Plaintiff for engaging in protected speech and/or expression.

129.    As a result of Defendants' acts and omissions, Defendants deprived Plaintiff of his federal, state, and/or other legal rights; caused Plaintiff bodily injury, pain, suffering, psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damaged and injured Plaintiff.

130.    The unlawful conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

## TENTH CLAIM FOR RELIEF

### First Amendment Retaliation

**Pursuant to 42 U.S.C §1983 for Defendants' Violations of Plaintiff's Rights Under the First and Fourteenth Amendments to the United States Constitution Against the Individual Defendants**

131.    Plaintiff incorporates by reference all the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

132.    Defendants retaliated against Plaintiff for engaging in speech and/or conduct protected by the First Amendment.

133.    Defendants engaged in the acts and omissions complained of herein in retaliation for Plaintiff's protected speech and/or conduct.

134.    Defendants engaged in the acts and omissions complained of herein in an effort to prevent Plaintiff from continuing to engage in such protected speech and/or conduct.

135.    Defendants engaged in the acts and omissions complained of herein in order to prevent and/or discourage Plaintiff from engaging in similar protected conduct in the future.

136.    Upon information and belief, Defendants engaged in the acts and omissions described herein with respect to Plaintiff's First Amendment-based claims with malice.

137.    Upon information and belief, Defendants engaged in the acts and omissions described herein with respect to Plaintiff's First Amendment retaliation claims, in response to the perceived viewpoint and/or message expressed by Plaintiff.

138.    As a result of Defendants' acts and omissions, Defendants deprived Plaintiff of his federal, state, and/or other legal rights; caused Plaintiff bodily injury, pain, suffering, psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damaged and injured Plaintiff.

139.    The unlawful conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

17

## ELEVENTH CLAIM FOR RELIEF

**Municipal Liability**
**Pursuant to 42 U.S.C §1983 and <u>Monell v. Department of Social Services</u>, 436 U.S. 658**
**(1978) for Defendants' Violations of Plaintiff's Rights Under the First, Fourth, and**
**Fourteenth Amendments to the United States Constitution**
**Against All Defendants**

140.    Plaintiff incorporates by reference all the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

141.    All of the wrongful acts or omissions complained of herein were carried out by the individual named and unnamed defendants pursuant to: (a) formal policies, rules, and procedures of Defendant City; (b) actions and decisions by Defendant City's policymaking agents; (c) customs, practices, and usage of the NYPD that are so widespread and pervasive as to constitute de facto policies accepted, encouraged, condoned, ratified, sanctioned, and/or enforced by Defendant City and other policymaking officials; (d) Defendant City's deliberate indifference to Plaintiff's rights secured by the First, Fourth, and Fourteenth Amendments of the United States Constitution, as evidenced by the City's failures, and the failures of the City's policymaking agents, to train, supervise, and discipline NYPD officers, despite full knowledge of the officers' wrongful acts, as described herein.

142.    As a result of Defendants' acts and omissions, Defendants deprived Plaintiff of his federal, state, and/or other legal rights; caused Plaintiff bodily injury, pain, suffering, psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damaged and injured Plaintiff.

## TWELFTH CLAIM FOR RELIEF

**Due Process**
*Pursuant to 42 U.S.C. § 1983 for Defendants' Violations of Plaintiff's Rights Protected*
*Under the Fifth and Fourteenth Amendments to the United States Constitution*
**Against All Defendants**

143.    Plaintiff incorporates by reference the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

144.    As described above, Defendants enforced offenses in a manner that rendered them constitutionally void for vagueness and/or overbroad, such that their enforcement against Plaintiff violated their Due Process rights, in that Defendants' enforcement in connection with those offenses failed to provide and/or reflected the absence of adequately clear standards to guide police officials' extremely broad discretion to arrest anyone at their whim, based on ad hoc determinations, often without fair warning.

145.    Additionally, Defendant City, including by its officials designed and/or implemented policies and practices pursuant to which those Defendants who ordered, effected, and otherwise participated in seizing and/or retaining Plaintiff's property and/or detaining Plaintiff in the conditions as described subjected Plaintiff to the violations of his Due Process rights described elsewhere herein.

146.    As a result of Defendants' acts and omissions, Defendants deprived Plaintiff of his federal, state, and/or other legal rights; caused Plaintiff bodily injury, pain, suffering, psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damaged and injured Plaintiff.

147.    The unlawful conduct of the Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

## JURY DEMAND

148.    Plaintiff demands a trial by jury in this action of all issues that are triable by jury.

## DEMAND FOR JUDGMENT

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

I.    Actual and punitive damages against the Individual Defendants in an amount to be determined at trial;

II.   Actual damages in an amount to be determined at trial against the City of New York, and punitive damages pursuant to 42 U.S.C. §1988, N.Y.C. Admin. C. §8-805(1)(ii);

III.  Statutory attorney's fees, disbursements, and costs of the action pursuant to, *inter alia*, 42 U.S.C. §1988, N.Y.C. Admin. C. §8-805(2), and New York common law; and

IV.   Such other and further relief as the Court may deem equitable, just, and proper.


Dated:  August 4, 2026
        Queens, New York


**COHEN&GREEN P.L.L.C.**                    **THE ABOUSHI LAW FIRM P.L.L.C.**


By: _____            _____
Elena L. Cohen                             Tahanie A. Aboushi, Esq.
J. Remy Green                              1441 Broadway, 5th Floor
Regina J. Yu                               New York, NY 10018
Leena M. Widdi                             t: (212) 391-8500
     1639 Centre Street, Suite 216         tahanie@aboushi.com
     Ridgewood, NY 11385
(929) 888-9480
elena@femmelaw.com
remy@femmelaw.com                          *Attorneys for Plaintiff*
regina@femmelaw.com
leena@femmelaw.com


**GIDEON ORION OLIVER**


_____
277 Broadway, Suite 1501
New York, NY  10007
t: 718-783-3682
f: 646-349-2914
Gideon@GideonLaw.com